U N I T E D   S T A T E S   D I S T R I C T   C O U R T
D I S T R I C T   O F   N E W   J E R S E Y

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

December 2, 2008

## LETTER OPINION

Frank J. Cozzarelli
Cozzarelli Law Firm
727 Joralemon Street
Belleville, NJ 07109
    (*Counsel for Plaintiff*)

Kristine A. Sova
Venable LLP
1270 Avenue of the Americas
25th Floor
New York, NY 10020
    (*Counsel for Defendant*)

    **RE:**  **DiGeronimo, P.A., v. John Cullinane & Assoc.**
           **Civ. No. 08-4231 (WJM)**

Dear Counsel:

    This matter comes before the Court on Defendant John Cullinane & Associates' Motion to Compel Arbitration. There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Defendant's motion is **GRANTED**.

**I.**    **Background**

    On August 20, 2007, Plaintiff DiGeronimo, P.A. and Defendant entered into a written agreement for Plaintiff to provide consulting services to Defendant in relation to a housing project at West Point Academy (the "Agreement"). (Compl. ¶¶3-4.) Article 9 of the Agreement contained an arbitration clause: "Any claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with

Section 9.1."[1]  (Sova Decl. Ex. B); (Compl. ¶ 5.)  The Complaint alleges that both parties signed the Agreement.  (Compl.¶ 4.)  In January 2008, Defendant terminated the Agreement.  (Compl.¶ 4.)

To resolve a dispute arising out of Defendant's termination of the Agreement, Plaintiff commenced arbitration proceedings with the American Arbitration Association pursuant to Article 9 of the Agreement.  (Compl. ¶ 5.)  Prior to further arbitration proceedings, the parties attempted to mediate their claims in accordance with the Agreement.  (Compl. ¶¶ 5-6.)  In concert with the mediation attempt, Defendant submitted a mediation statement "which asserted that the written agreement signed by both parties was claimed to have been modified as to an alleged material term and condition after defendant signed the document."  (Compl. ¶ 6.)  Defendant alleged that Plaintiff's act of fraud eliminated any of Defendant's obligations under the Agreement, including the obligation to pay the non-terminating party any lost profits.  (Compl. ¶¶ 6-7.)

Plaintiff filed this action on July 18, 2008 in the Superior Court of New Jersey, Bergen County, seeking a judicial declaration that the August 20, 2007 Agreement is a valid, binding agreement between the parties and that the Agreement was not a product of any fraud or fraudulent conduct.  (Compl. ¶ 12.)  Subsequently, on August 22, 2008, Defendant removed this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446.  Defendant then moved to compel arbitration pursuant to Article 9 of the Agreement, and the motion is presently before the Court.

## II.     Discussion

### A.     Standard of Review[2]

An arbitration agreement contained in a contract involving interstate commerce is subject to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.  *See Perry v. Thomas*, 482 U.S. 483, 489 (1987).  The FAA provides that "a party aggrieved by the alleged ... refusal of another to arbitrate under a written agreement for arbitration may petition [a] United States district court ... for an order directing that such arbitration proceed in the

---

[1] Although a copy of the Agreement was submitted by Defendant, Plaintiff did not dispute the authenticity of the copy.  Therefore, the Court will assume that the submission is a true copy of the parties' August 20, 2007 Agreement.  (Sova Decl. Ex. B.)

[2] The parties have agreed that New York law is the appropriate choice of law based upon the choice-of-law provision in the Agreement.  (Pl.'s Mem. in Opp. to Def.'s Mot. to Compel Arbitration 2.)

manner provided for in such agreement." 9 U.S.C. § 4.  Such arbitration provisions are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Accordingly, if the parties entered into a valid agreement to arbitrate and the parties' dispute falls within the scope of the arbitration agreement, district courts must compel arbitration.

The Supreme Court in *Buckeye Check Cashing, Inc. v. Cardegna* identified three types of challenges to the validity of a written agreement containing an arbitration clause: (1) a challenge to "the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid;" (2) a challenge to the validity of the specific agreement to arbitrate; and (3) a challenge to "whether any agreement between the alleged obligor and obligee was ever concluded" such as whether the "obligor ever signed the contract," whether the "signor lacked authority to commit the alleged principal," or whether "the signor lacked the mental capacity to assent."  546 U.S. 440, 444 (2006).  The Court reaffirmed its holding in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-304 (1967), that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."  *Buckeye Check Cashing, Inc.*, 546 U.S. at 449.  With respect to the second category, the Court determined that such a challenge was appropriate for adjudication by a federal district court.  *Id.* at 445 (citations omitted).  The Court, then, expressly failed to address the third and final category of challenges.  *Id.* at 444 n. 1.

### B. Defendants' Motion to Compel Arbitration is Granted

Plaintiff's attempt to characterize Defendant's challenge to the Agreement as a type of challenge appropriate for review by this Court in the first instance is unavailing. In this case, the Complaint alleges that the parties agreed upon and signed the August 20, 2007 Agreement containing the arbitration clause. (Compl. ¶¶3-5.)  Defendant has merely asserted in its mediation statement that a material term and condition with respect to the compensation formula was modified after Defendant signed the Agreement.[3] (Compl. ¶ 6.)  Plaintiff, however, does not argue that the modified term or condition was with regards to the arbitration clause.

As arbitration clauses are severable from the remainder of the contract, a claim of fraudulent inducement or fraud with respect to provisions other than the discrete

---

[3] Plaintiff states in its opposition that "Defendant alleges that plaintiff altered the payment compensation formula."  (Pl.'s Mem. in Opp. to Def.'s Mot. to Compel Arbitration 6.)

3

arbitration clause is an issue for the arbitrator.  *See Buckeye Check Cashing, Inc*., 546 U.S. at 445-446; *see also Weinrott v. Carp*, 32 N.Y.2d 190 (1973)("an arbitration provision of a contract is separable, the agreement to arbitrate would be 'valid' even if the substantive portions of the contract were induced by fraud").  The parties agree that there was a valid arbitration clause and that they each signed a contract containing the valid arbitration clause.  Defendant confirms by way of declaration that Defendant has not asserted any misrepresentation or fraud with regards to either the arbitration or choice-of-law clauses.  (Sova Decl. ¶ 3.)  A dispute over alleged fraud as to a different provision of the Agreement does not render the arbitration clause invalid.

In essence, Plaintiff argues that Defendant's claim of fraud with regards to the compensation formula renders the Agreement as a whole unenforceable.  This falls squarely within the type of challenge that must first be addressed by the arbitrator, not a district court.

Based on the terms of the Agreement, it is clear that the parties' dispute over the breach of the Agreement falls within the scope of the arbitration provision.  Therefore, this matter must first proceed to arbitration.  For purposes of judicial economy, the Court will administratively terminate this action pending arbitration so that the parties may move before this Court to confirm, modify, or vacate an arbitration award, if any.

### III.   Conclusion

For the foregoing reasons, Defendant's Motion to Compel Arbitration is **GRANTED**, and this action is **ADMINISTRATIVELY TERMINATED PENDING ARBITRATION**.  An appropriate Order accompanies this Letter Opinion.


                                          s/William J. Martini
                                          **William J. Martini, U.S.D.J.**